IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN B. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV356 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS COUNTY CORRECTIONAL | ) | MEMORANDUM AND ORDER |
| CENTER MEDICAL DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed his complaint in this matter on

September 10, 2007 (Filing No. 1).  Plaintiff has previously been

given leave to proceed in forma pauperis (Filing No. 7).  The

Court now conducts an initial review of the complaint to

determine whether summary dismissal is appropriate under 28

U.S.C. §§ 1915(e) and 1915A.

**I.   INITIAL REVIEW OF COMPLAINT**

   **A.   Summary of Complaint**

      Plaintiff filed his complaint on September 10, 2007,

against the Douglas County Correctional Center Medical Department

("DCC Medical") (Filing No. 1 p. 2).  Plaintiff does not name any

individual defendants.  Plaintiff states that he is currently

incarcerated in the "Douglas County Jail," but on November 2,

2007, plaintiff informed the Court that he is now incarcerated by

the Nebraska Department of Correctional Services in Lincoln,

Nebraska (*Id.; see also* Filing No. 9).

Condensed and summarized, plaintiff alleges that he has a recurring "medicine resistant" staph infection (*Id.* at pp. 5, 9). In January, 2007, plaintiff had a staph infection in his "left pinky finger." He sought treatment from the DCC Medical staff, but "Dr. Gensler" failed to give plaintiff the "proper medication" and plaintiff's finger was amputated in April, 2007 (*Id.* at p. 5).

After the amputation of his finger, plaintiff continued "having painful occurrences of staph all over [his] body" and alleges that he was never given the proper medication to treat the pain. (*Id.*) In addition, plaintiff alleges that DCC Medical "ran out of" the medications he needed which resulted in "cruel and inhuman" treatment. (*Id.*) In short, plaintiff alleges that DCC Medical did not give him the "proper medication or medical help needed to save [his] finger" and when they did prescribe medication, DCC Medical ran out of the medication. (*Id.*)

Plaintiff seeks a monetary award of $1,000,000.00. (*Id.* at p. 7.) Liberally construed, plaintiff also seeks injunctive relief in the form of a court order that DCC Medical "stop running out of medication for inmates incarcerated at the Douglas County Correctional Center." (*Id.*)

-2-

**B.**   **Applicable Legal Standards on Initial Review**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

-3-

Liberally construed, plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.   Discussion of Claims**

Here, plaintiff asserts claims against DCC Medical, which the Court construes as claims against Douglas County, Nebraska.  However, a county may only be liable under 42 U.S.C. § 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998)(citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

-4-

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

In addition, plaintiff alleges claims under the Eighth Amendment relating to his medical care.  A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).  Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care.  Therefore, 'deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.'"  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citing *Estelle*, 429 U.S. at 103-104).

-5-

Here, plaintiff does not allege any municipal policy or custom which caused him injury.  Further, although plaintiff's allegations relating to his medical conditions, if true, may be serious, plaintiff has failed to allege that any DCC Medical offical knew of and deliberately disregarded his needs.  In light of this, plaintiff has not alleged any cognizable claims and plaintiff's complaint fails to state a claim upon which relief may be granted.  However, on its own motion, the Court will grant plaintiff thirty (30) days in which to amend his complaint in accordance with this memorandum and order.

## II.  APPOINTMENT OF COUNSEL

In his complaint, plaintiff seeks the appointment of counsel (Filing No. 1 p. 6.)  However, the Court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel."  *Id.*  Such a showing has not been made here.  The request for the appointment of counsel will be denied without prejudice.

-6-

### III. **PAYMENT OF PLAINTIFF'S FILING FEE**

Plaintiff was granted leave to proceed in forma pauperis ("IFP") on October 11, 2007 (Filing No. 7). Plaintiff was ordered to pay an initial partial filing fee of $33.35 no later than November 13, 2007. On November 2, 2007, plaintiff requested an extension of time in which to pay his initial partial filing fee, which the Court granted (Filing Nos. 9 and 10.) However, plaintiff has not paid his initial partial filing fee in this matter.

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Where a prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

This matter will proceed despite plaintiff's failure to pay the initial partial filing fee. However, plaintiff remains

responsible for the entire $350.00 filing fee, which shall be collected in installments in accordance with 28 U.S.C. § 1915(b)(2).   Accordingly,

IT IS ORDERED:

1)   Plaintiff shall have until **February 18, 2008** to amend his complaint to clearly state a claim on which relief can be granted against defendant Douglas County Correctional Center Medical Department and/or Douglas County, Nebraska officials.   In the absence of plaintiff's filing an amended complaint, this case will be dismissed without further notice.

2) Plaintiff's request for appointment of counsel is denied without prejudice.

3)   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **February 18, 2008**.

4)   The clerk of the court is directed to terminate the pro se first assessment deadline in this matter.   The clerk of the court is also directed to terminate the initial partial filing fee pro se case management deadline in this matter.

5)   Plaintiff's payment of the initial partial filing fee and subsequent installment payments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the full filing of $350.00 is paid, plaintiff shall be obligated to pay, and the agency having

custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

6)   The clerk of the court shall serve a copy of this order on the appropriate financial officer for the plaintiff's current institution.

DATED this 14th day of January, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____

LYLE E. STROM, Senior Judge
United States District Court